Counsel for defendants-appellants, in application for reheating, bitterly complain that the court did not comment upon what they characterize a major defense.
The facts upon which we did not comment and upon which counsel lay so much stress are that on October 13, 1944, the thirtieth day after Hortman offered his stock for sale, Chapital addressed a letter to the president and members of the board of directors of the corporation, in which he offered to sell his own stock and that of his wife and son. On October 20, 1944, the offer never having been accepted by the other stockholders, Chapital, in writing, withdrew it.
Counsel argue that Chapital's action, in offering his stock for sale on the very last day the stockholders had the right to purchase the Hartman stock, manifested on his part an intention to abandon his "offer" to participate in the Hortman stock, which is opposed to and is in complete conflict with his protestations that he then wished to share in the purchase. However, we are referred to no authorities supporting the position assumed by conusel.
[1, 2] This court did not and does not accredit any importance to the above defense. Evidently the lower court was of the same mind, for we find no mention of it in the reasons for judgment. Chapital's offer to sell, not having been accepted by the persons to whom it was proposed, is without legal effect; he unquestionably had the right to change his intention on the subject, and there was no contract, C.C. art. 1800. In agreeing to take a share of the Hortman stock, Chapital, along with the others, signed a subscription list, and this document was not a mere offer to purchase as counsel postulate, but it amounted to a binding contract between him and Hortman wherein he effectively obligated himself to purchase a proportionate share *Page 849 
of the latter's stock. Hortman could have forced Chapital to live up to this contract, and Chapital's offer to sell his own stock, which went unaccepted and which was subsequently withdrawn, in no wise abrogated the contract which he had with Hortman, nor did it constitute a waiver of any rights which he had under the corporate charter. We perceive no merit in defendants' contention. The rehearing requested is refused.
Rehearing refused.